OLIVER & COMPANY *et al.* *vs.* VICTOR & COMPANY *et al.*

A bill filed by creditors, attacking a voluntary assignment of their debtors and seeking to set aside certain claims preferred thereby, alleged that such preferences were not *bona fide;* that the debts preferred were not real; that the goods assigned were procured by fraudulent representations made to the complainants in regard to the purchasers' wealth and solvency, when, in fact, they were, at the time, insolvent; that the preferred creditors furnished none of these goods; that the principal one of them is nearly related to the assignors; and that mortgages were executed to them on the eve of the assignment, and with a view to give color to the preference made:

*Held,* that there was enough in the bill to justify the chancellor in securing the fund in the hands of the assignee by the grant of an injunction and appointment of a receiver, until the matter can be fully investigated on the final hearing of the case.

(*a.*) The defects in the bill are such as may be amended.

(*b.*) The rights of creditors are to be favored by the courts, and every remedy and facility should be afforded them to detect, defeat and annul any effort to defraud them of their just demands.

(*c.*) The evidence was conflicting, but there was enough to justify the grant of an injunction and the appointment of a receiver.

March 10, 1885.

Assignments. Fraud. Debtor and Creditor. Injunction and Receiver. Before Judge SIMMONS. Bibb County. At Chambers. December 22, 1884.

Reported in the decision.

SAM. H. JEMISON; GUSTIN & HALL, for plaintiffs in error.

NESBIT, EDGE & NESBIT; E. F. BEST; HILL & HARRIS; C. L. BARTLETT; THOS. WILLINGHAM; HARDEMAN & DAVIS; CAMP & ANDERSON; LANIER & ANDERSON. for defendants.

HALL, Justice.

This is a bill filed by creditors, attacking a voluntary assignment of their debtors, and seeking to set aside certain claims preferred by the assignment, because it is insisted that such preferences are not *bona fide;* that the debts preferred are not real; that the goods assigned were procured by fraudulent representations, made to the complainants, of the wealth and ability of the assignors to pay for them, when, in fact, they were, at the time, insolvent; that the preferred creditors furnished none of these goods; that principal one of them is nearly related to the assignors, and that mortgages were executed to them on the eve of the assignment, and with a view to give color to these preferences made by the assignment.

Although the allegations in the bill of complainants are not so specific as they should have been, yet sufficient is disclosed in the proceedings to justify the chancellor in securing the fund in the hands of the assignee, by the grant of an injunction and the appointment of a receiver, until the matter can be fully investigated on the final hearing of the case. The defects in the bill are such as may be amended. Sufficient appears to bring this case within the principle of *Cohen & Co. vs. Morris & Co.*, 70 *Ga.*, 313; *Crittenden Bros. vs. Coleman & Co., Ib.*, 293; and especially is this true, when it is remembered that the rights of creditors, in such transactions, are to be favored by the courts, and every remedy and facility must be afforded them to detect, defeat and annul any effort to defraud them of their just demands, Code, §1945; and so far is this essential principle of justice to insure fair and open dealing carried, that courts of equity are directed to assist creditors to reach even equitable assets, in every case where to refuse interference would jeopardize the collection

of their debts (*Id.*, §1946) ; and to effect this end, the right is given them to attack as fraudulent a judgment or conveyance, or any other arrangement, interfering with their rights either in law or equity. *Id.*, §1947. See in connection, *Id.*, §§3153, 3595, 3596.

The evidence was conflicting upon the points involved in this controversy; there was enough disclosed on this preliminary hearing to justify the chancellor in ordering the injunction and appointing the receiver asked, and to show that he did not abuse his discretion in so doing. The relief to be granted on the final hearing of the case will be matter for consideration when all the proof is before the court on the trial of the issues made. As to this, no opinion was expressed by the chancellor, and none is expressed by this court. The consideration of such questions is necessarily postponed until that time

Judgment affirmed.